UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERGIO G. SANCHEZ,<br><br>     Plaintiff,<br><br> v.<br><br>JEANNE YOUNGQUIST, *et al.*,<br><br>     Defendants. | Case No. C18-1355-BJR-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Sergio Sanchez has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's amended complaint, and the balance of the record, concludes that plaintiff has not stated a cognizable ground for relief in this action. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on September 10, 2018. (*See* Dkt. 1.) Plaintiff alleged in his complaint that he had been denied adequate pain medication for a broken arm while confined at the Skagit County Justice Center ("SCJC"). (*See* Dkt. 8 at 3;

Dkt. 8-6 at 1.) He further alleged that there are deficiencies in the SCJC's internal communication system (the S-Phone), and in the training provided for the use of that system, which hinder the ability of prisoners to request medical and mental health services, render the grievance system effectively unavailable, and interfere with prisoners' ability to access the courts. (Dkt. 8 at 3; Dkt. 8-5 at 1, 2; Dkt. 8-6 at 2, 3.) In addition, plaintiff complained that the SCJC denies prisoners dental floss thereby endangering prisoners' health, that it doesn't provide legal supplies to indigent inmates, that its camera system is unconstitutionally intrusive, that cells are illuminated for an excessive period of time, and that the facility has no windows.[1] (Dkt. 8-5 at 1, 2; Dkt. 8-6 at 4, 5, 7.) Plaintiff identified Skagit County Auditor Jeanne Youngquist, Skagit County Chief of Corrections Don Marlow, the SCJC, and medical providers Jane and John Doe as defendants in his complaint. (Dkt. 8 at 1, 2.) Plaintiff requested damages and injunctive relief. (*Id*. at 4.)

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient in various respects and, thus, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 10.) In that Order, the Court explained that plaintiff's pleading was generally deficient because it was lengthy, disorganized, confusing, and insufficient to put defendants on notice of plaintiff's claims and the grounds upon which they rest. (*Id*. at 3-4.) The Court noted that plaintiff failed to clearly connect his multitude of complaints about the SCJC to the named defendants and, with the exception of his claim of inadequate medical care, that he failed to explain how he was harmed by any of the SCJC conditions of which he complained. (Dkt. at 4.)

The Court advised plaintiff that in order to proceed with this action he would have to

---

[1] Plaintiff also identified one claim as simply "Anarchism," but his description of that claim was largely incomprehensible. (*See* Dkt. 8-5 at 4, 5.)

provide greater specificity and clarity with respect to his claims, and ensure that his claims comported with the standards for stating a viable claim under § 1983. (Dkt. 10 at 4.) More specifically, the Court advised plaintiff that with respect to each intended claim, he must: (1) identify the civil right he believed was violated and by whom; (2) set forth the facts which supported each asserted claim, including dates, times, locations, and the names of the people involved; (3) describe exactly what each defendant did or failed to do that caused his injury or violated his rights; and, (4) state with specificity the injury, harm, or damages he believed he suffered as a result of the violation alleged in each claim. (*Id*.)

On November 21, 2018, plaintiff filed an amended complaint. (Dkt. 11.) Plaintiff's statement of claim in his amended complaint is much more concise than that set forth in his original complaint, and it appears to focus primarily on the failure of SCJC medical staff members to provide adequate pain medication for plaintiff's broken arm. (*See id*. at 3.) However, at the end of his statement of claim, plaintiff also lists in a summary fashion a number of additional complaints regarding the conditions of confinement at the SCJC similar to those asserted in his original pleading. (*See id*.) Plaintiff once again identifies Skagit County Auditor Jeanne Youngquist, Skagit County Chief of Corrections Don Marlow, the SCJC, and medical providers Jane and John Doe as defendants, and he again requests damages and injunctive relief. (*Id*. at 1-2, 4.)

The only claim which even remotely conforms to the standards identified in this Court's Order declining to serve plaintiff's original complaint is that concerning the adequacy of his medical care. However, plaintiff fails to sufficiently identify in his amended complaint any defendant who was responsible for that care. As noted above, plaintiff names Jane Doe and John Doe medical providers as defendants, but the Court simply cannot effectuate service on individuals

REPORT AND RECOMMENDATION  
PAGE - 3

identified with so little specificity. Plaintiff alleges no facts demonstrating that either of the individual defendants specifically identified in the amended complaint, Jeanne Youngquist and Don Marlow, were responsible for the alleged denial of adequate medical care, nor does he allege any facts demonstrating that a custom or policy of the SCJC or Skagit County was the moving force behind the alleged denial of adequate medical care. In addition, plaintiff still fails to connect any of his more generalized complaints regarding the conditions of his confinement at the SCJC to the named defendants, or to allege any specific facts in support of those complaints. In the absence of a viable defendant against whom plaintiff may proceed on his claim of inadequate medical care, and in the absence of facts connecting the named defendants to plaintiff's more generalized grievances about his conditions of confinement at the SCJC, this Court must conclude that plaintiff has failed to adequately state any viable claim for relief in his amended complaint.

## CONCLUSION

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to identify in his amended complaint any claim upon which relief may be granted in this civil rights action, this Court recommends that plaintiff's amended complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 1, 2019**.

DATED this 8th day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge