**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| **SERGIO G. SANCHEZ,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JEANNE YOUNGQUIST,** *et al.* <br><br> **Defendants.** | CASE NO. C18-1355-BJR <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

## I. INTRODUCTION

*Pro se* Plaintiff Sergio Sanchez brings this civil rights action pursuant to 42 U.S.C. § 1983. On January 8, 2019, the Honorable Magistrate Judge Mary Alice Theiler issued a report and recommendation to this Court in which she concludes that the operative complaint fails to state a cognizable claim for relief and, as such, recommends that the complaint be dismissed without prejudice. Dkt. No. 12. Plaintiff's objections to the report and recommendation, if any, are due on January 29, 2019.

On January 16, 2019, Plaintiff filed the instant motion requesting that this Court appoint counsel to represent him in the case. Having reviewed the motion, the complaint and amended complaint, the report and recommendation, as well as the relevant legal authorities, the Court will deny the motion. The reasoning for the Court's decision follows.

1

## II. BACKGROUND

Plaintiff initiated this civil rights action on September 10, 2018. Dkt. 1. He alleged in his complaint that he had been denied adequate pain medication for a broken arm while confined at the Skagit County Justice Center ("SCJC"). *See* Dkt. 8 at 3; Dkt. 8-6 at 1. He further alleged that there are deficiencies in the SCJC's internal communication system (the S-Phone), and in the training provided for the use of that system, which hinder the ability of prisoners to request medical and mental health services, render the grievance system effectively unavailable, and interfere with prisoners' ability to access the courts. Dkt. 8 at 3; Dkt. 8-5 at 1, 2; Dkt. 8-6 at 2, 3. In addition, Plaintiff complained that the SCJC denies prisoners dental floss thereby endangering prisoners' health, that it does not provide legal supplies to indigent inmates, that its camera system is unconstitutionally intrusive, that cells are illuminated for an excessive period of time, and that the facility has no windows. Dkt. 8-5 at 1, 2; Dkt. 8-6 at 4, 5, 7) Plaintiff identified Skagit County Auditor Jeanne Youngquist, Skagit County Chief of Corrections Don Marlow, the SCJC, and medical providers Jane and John Doe as Defendants in his complaint. Dkt. 8 at 1, 2. He requested damages and injunctive relief. *Id*. at 4.

Magistrate Judge Theiler determined that the pleading was deficient in various respects and, thus, issued an Order declining to serve the complaint, but granted Plaintiff leave to amend it. Dkt. 10. Magistrate Judge Theiler explained that the complaint was generally deficient because it was lengthy, disorganized, confusing, and insufficient to put Defendants on notice of Plaintiff's claims and the grounds upon which the claims rest. *Id*. at 3-4. The Magistrate Judge further noted that Plaintiff failed to clearly connect his multitude of complaints about the SCJC to the named Defendants and, with the exception of his claim of inadequate medical care, that he failed to explain how he was harmed by any of the SCJC conditions of which he complained.

Magistrate Judge Theiler advised Plaintiff that in order to proceed with this action he would have to provide greater specificity and clarity with respect to his claims and ensure that the claims comport with the standards for stating a viable claim under § 1983. Dkt. 10 at 4. More specifically, the Magistrate Judge advised Plaintiff that with respect to each intended claim, he must: (1) identify the civil right he believed was violated and by whom; (2) set forth the facts which supported each asserted claim, including dates, times, locations, and the names of the people involved; (3) describe exactly what each Defendant allegedly did or failed to do that caused his injury or violated his rights; and, (4) state with specificity the injury, harm, or damages he believed he suffered as a result of the violation alleged in each claim. *Id*.

Plaintiff filed an amended complaint on November 21, 2018. Dkt. 11. The amended complaint is much more concise and it appears to focus primarily on the failure of SCJC medical staff members to provide adequate pain medication for his broken arm. *See id*. at 3. However, Plaintiff lists in a summary fashion a number of additional complaints regarding the conditions of confinement at the SCJC similar to those asserted in his original pleading. *See id*. Plaintiff once again identifies Skagit County Auditor Jeanne Youngquist, Skagit County Chief of Corrections Don Marlow, the SCJC, and medical providers Jane and John Doe as Defendants, and he again requests damages and injunctive relief. *Id*. at 1-2, 4.

Magistrate Judge Theiler reviewed the amended complaint and determined that the only claim in the pleading that remotely conforms to the standards she identified in the Order declining to service Plaintiff's original complaint is that concerning the adequacy of his medical care. Dkt. No. 12. However, the Magistrate Judge also determined that Plaintiff failed to sufficiently identify in his amended complaint any Defendant who was responsible for that care and, as such, the amended complaint fails to state a viable claim for relief. Therefore, Magistrate

Judge Theiler issued a report and recommendation recommending that this Court decline to order service of the amended complaint and instead dismiss this action without prejudice pursuant to § 1915(e)(2)(B)(ii). Thereafter, Plaintiff's file the instant motion for the appointment of counsel. Dkt. No. 13.

### III. DISCUSSION

No constitutional right to appointed counsel exists in a § 1983 action. *Sanchez v. Does*, 2016 WL 6395193, *1 (W.D. Wash. Oct. 28, 2016) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id*. (citing *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998)). To determine whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff claims that the issues involved in this case are "complex, and will require significant research and investigation." Dkt. No. 13. at 1. He further states that he has no access to a law library and "limited knowledge of the law." *Id*. He acknowledges that the facility where he is located has a kiosk with access to a law library, but he "does not know how to properly use [the kiosk] to gain access [to a law library]." *Id*. at 2. Finally, Plaintiff claims that he has "made multiple attempts to obtain a civil attorney, only to receive denials or no return answer at all." *Id*. He attaches two letters he wrote to attorney and one response from a law firm as evidence of this claim. *Id*. at 3-6.

4

This case does not present the extraordinary circumstances that justify the appointment of counsel. Magistrate Judge Theiler has already reviewed Plaintiff's claims and determined that he failed to state a claim on which relief may be granted. While Plaintiff still has an opportunity to object to the Magistrate Judge's recommendation and this Court will review such objections if filed, the likelihood of Plaintiff's success on the merits of his claim is not significant. Nor are the legal issues in this case complex. Moreover, although Plaintiff claims that each of his attempts to retain counsel has been rebuffed, the letter he attaches as proof of this claim shows otherwise. To the contrary, in the letter, the attorney states that he cannot evaluate Plaintiff's case based on the limited information Plaintiff provided him but invited Plaintiff to write another letter "containing all pertinent information." In other words, rather than declining to represent Plaintiff, this attorney expressed an interest in the matter and encouraged Plaintiff to provide him with more information. There is no indication in the record whether Plaintiff followed through on this invitation.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for the appointment of counsel is DENIED. Given that Plaintiff filed the request between the issuance of the report and recommendation and the deadline to file objections to the report and recommendation, the Court will extend the deadline to file objections by ten (10) days. Objections to the report and recommendation, if any,

shall be filed with the Clerk and served upon all parties to this suit on or before February 8, 2019. Failure to file objections by this date may affect your right to appeal.

Dated this 25th day of January, 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge